KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Michael and Mary Mazakis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael and Mary Mazakis, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> Vital Recovery Services, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

For this Complaint, the Plaintiffs, Michael and Mary Mazakis, husband and wife, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Michael and Mary Mazakis (hereafter "Plaintiffs"), are adult individuals residing in Phoenix, Arizona, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Vital Recovery Services, Inc. (hereafter "Vital"), is a company with an address of 3795 Data Drive, Suite 200, Norcross, Georgia 30092-6534, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Vital and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Vital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiffs' adult son allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Vital for collection, or Vital was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Vital Engages in Harassment and Abusive Tactics**

12. Within the last year, has placed as many as two (2) calls a day to Plaintiffs in an attempt to collect the alleged Debt.

3

13.   The alleged Debt does not belong to Plaintiffs. The alleged Debt belongs to "Karen M. Grand" who is Plaintiffs' adult daughter.

14.   Plaintiffs have repeatedly told Vital that Ms. Grand does not reside with them. Ms. Grand has not resided with the Plaintiffs for approximately 16 years.

15.   Plaintiffs have repeatedly asked Vital to cease contacting them with regard to the alleged Debt.

16.   Despite Plaintiffs' requests for Vital to cease and desist calling them, and despite Vital representatives' claims that they would remove Plaintiffs from their calling service, Vital continued to place harassing telephone calls to Plaintiffs in an attempt to collect the alleged Debt.

17.   Vital has called Plaintiffs before 8:00 a.m.

18.   Vital has at times utilized pre-recorded, automated messages when calling Plaintiffs without Plaintiffs' authorization.

19.   In March 2012, Plaintiffs notified Vital that they had retained legal representation and asked Vital once again to cease contacting them.

20.   Vital proceeded to place subsequent calls to Plaintiffs on March 30, 2012, April 2, 2012, April 4, 2012, April 6, 2012 and most recently, on April 9, 2012.

4

### C. **Plaintiffs Suffered Actual Damages**

21. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

24. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

26. The Defendants contacted the Plaintiffs before 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1).

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiffs after having knowledge that the Plaintiffs were represented by an attorney.

28. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

32. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Without prior consent, the Defendants made telephone calls to the Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

35. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

39. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with excessive phone calls.

40. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his/her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

41.   The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42.   As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

43.   All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

   D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

   E. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

F.  Punitive damages;

G. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 12, 2012                         LEMBERG & ASSOCIATES, LLC


By: _/s/   Kindra Deneau_
Kindra Deneau

Attorney for Plaintiffs
Michael and Mary Mazakis

9